SAGE *et al.* v. TUCKER *et al.*, *Appellants.*

Division One, June 6, 1892.

Trespass : TITLE TO LAND: JURISDICTION OF SUPREME COURT. An ordinary action of trespass to land in no way involves the title, and the supreme court in such case has no jurisdiction on appeal.

*Appeal from Scotland Circuit Court.*—HON. BEN. E. TURNER, Judge.

TRANSFERRED TO THE ST. LOUIS COURT OF APPEALS.

*E. Scofield, Moore & Cramer* and *McKee & Jayne* for appellants.

*Smoot & Pettingill* for respondents.

SHERWOOD, P. J.—This case originated before a justice of the peace, and is a suit brought against the defendants for entering upon the land of the plaintiff Philena in the year 1889, in which the plaintiffs were then in possession, and then and there maliciously tearing away the fences and gates on said premises. The original statement was filed before the justice on June 10, 1889. The plaintiffs lived within the corporate limits of the town of "Arbela," and in a dwelling-house on the property on which the trespass was committed. The north line of the fence which inclosed the premises extended over into the public road some thirty feet. The officers of the town notified plaintiffs to remove their fence, which they declining so to do the defendants by order of the board of the town removed the fence; hence, this suit. On the trial had the plaintiffs recovered, the jury finding a verdict in their favor for a penalty of $5, and for $15 damages, and judgment went accordingly.

An appeal was taken to the St. Louis court of appeals, which transferred the cause to this court, because of that court having doubts as to its jurisdiction to dispose of the cause. We are not informed on what ground the court of appeals had doubts as to its jurisdiction in the premises.

We have, however, examined the record, and find nothing in it which confers jurisdiction on this court. The suit is simply an ordinary action of trespass, and in no way involves the title to the real estate on which the trespass was committed. We shall, therefore, order the cause to be transferred to the St. Louis court of appeals from whence it came. All concur.